**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 10-846-PHX-JAT |
| Plaintiff, | ) | **Order** |
| vs. | ) | |
| Domingo Lazaro-Cobo, | ) | |
| Defendant. | ) | |

Defendant moves to dismiss the indictment in this case because of an unreasonable delay in Defendant's restoration-to-competency process. *See* Doc. 40. Specifically, on October 6, 2010, this Court ordered that Defendant be admitted to a federal facility (for a period not to exceed four months) for attempted restoration to competency. *Id.* at 2. Defendant was not transported to the facility until November 9, 2010.[1] *Id.* Defendant does not offer, and the Court does not know, the reason for this 34 day delay in transportation (24 days over the reasonable 10 days). On March 8, 2011, the facility completed its evaluation. *Id.* at 2. On March 25, 2011, Defendant was returned to Arizona. *Id.* at 3. Again, Defendant does not offer, and the Court does not know, the reason for this 15 day delay in transportation

---

[1] As Defendant points out, the Speedy Trial Act provides, any time elapsed in excess of ten days from the date of an order directing transportation for a competency evaluation and the defendant's arrival at the destination shall be presumed to be unreasonable. 18 U.S.C. § 3161(h)(1)(F).

1 (5 days over the reasonable 10 days).

On April 20, 2011, the Court remanded Defendant for a second time to the custody of the Attorney General for the purpose of restoration to competency. *Id.* at 4. This remand was not to exceed four months. *Id*. Counsel for Defendant learned that although the Order of the Court was issued on April 22, 2011, due to a lack of bed space,[2] Defendant was not transported to the facility for treatment until June 28, 2011 (57 days over the reasonable 10 days). *Id.* at 5. Defendant concludes that his due process rights have been violated by an unreasonable delay in the restoration to competency process and, therefore, the indictment should be dismissed.

The Government responds and argues that it did not commit misconduct. Doc. 49 at 3. Defendant argues in his reply that he never made this argument so the Government's response is inapposite. Defendant further argues that this Court retains the power to dismiss the indictment for a due process violation or a Speedy Trial Act violation without a finding of Government misconduct. The Court finds no misconduct in this case.[3]

Next, the Government argues that there has been no Speedy Trial Act violation because all time spend in the restoration to competency is excluded from the speedy trial time. *Id.* at 4. Generally, the Speedy Trial Act requires that a defendant's trial commence within 70 days of the filing of the indictment or the defendant's initial court appearance, whichever is latest. 18 U.S.C. § 3161(c)(1); *see Henderson v. United States*, 476 U.S. 321,

---

[2] In his motion, Defendant neither concedes nor disputes that there was in fact a lack of bed space; he merely recounts that this was the reason that Counsel was told for the delay.

[3] In *Kabinto*, the court found that a claim of delay based on *Jackson v. Indiana*, 406 U.S. 715 (1972), which is the same case that Defendant relies on in this case to make his due process claim, has never resulted in dismissal of an indictment (based on the court's research). *United States v. Kabinto*, 2009 WL 2358946, *1 (D. Ariz. 2009). Thus, the court concluded, based on Ninth Circuit case law, that the court's power to dismiss an indictment based on this type of due process claim would need to be premised on one of two kinds of government misconduct (using "government" to include the prosecutors, the marshals, the facility, and Congress as a funding source). *Id.* Again, this Court finds no government misconduct in this case.

326 (1986). However, in reaching this seventy-day maximum, days of delays can be excluded depending on the cause. 18 U.S.C. § 3161(h)(1)(A) exempts any delay resulting from examinations to determine mental competency. 18 U.S.C. § 3161(h)(1)(D) deals with delay resulting from any pretrial motion. 18 U.S.C. § 3161(h)(4) exempts any period of delay resulting from the fact that the defendant is mentally incompetent or unable to stand trial.

However, as discussed in footnote 1 above, "[D]elay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization" is exempted, but "any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F). Citing *United States v. Kabinto*, 2009 WL 2358946 (D. Ariz. 2009), the Government argues that delays that are the result of conditions at the facility (i.e. bed space availability), fall under the excludable time of 18 U.S.C. § 3161(h)(4) (restoration) rather than the 10-day reasonableness cap of 18 U.S.C. § 3161(h)(1)(F) (transportation). Defendant argues that any delay which is not attributable to him should be deemed unreasonable and count toward the 70 day speedy trial time. Doc. 50 at 4.

"The ten-day transportation rule grew out of a Congressional desire that marshals not delay the transport of prisoners for economic reasons, such as waiting for more prisoners to be assembled before incurring the cost of moving them." *United States v. Yazzie*, 2006 WL 2772636, *5 (D. Ariz. 2006) (citing *United States v. Taylor*, 821 F.2d 1377, 1384 n.10 (9th Cir. 1987) *rev'd on other grounds*, 487 U.S. 326 (1988)). Given that the 10 day rule was originated as a limitation on the marshals, this Court agrees with the Court in *Yazzie* that delays that are attributable to space at the facility do not fall under the 10 day limitation. Accordingly, the 57 day delay was not unreasonable.

However, Defendant makes a further argument that the other unaccounted for delays, plus a second return to the Attorney General for restoration, as a whole, amount to a due process violation because Defendant cannot be restored to competency within a reasonable

1  time. 18 U.S.C. § 4241(d)(1) and (2)(A) allow the restoration to take four months initially,
2  and then additional time if there is a substantial probability that within such additional time
3  the defendant will gain the capacity to allow the proceedings to go forward. Here, the initial
4  four month evaluation found that with more time, there was a substantial probability of
5  restoration. Doc. 40 at 2-3. Thus, Defendant's restoration time in this case complies with
6  18 U.S.C. § 4241. In *United States v. Strong*, 489 F.3d 1055 (9th Cir. 2007), the Ninth
7  Circuit found 18 U.S.C. § 4241 meets the due process requirements of the Constitution.[4]
8  Thus, because Defendant's restoration time fails within the reasonableness requirements of
9  18 U.S.C. § 4241, which meets the due process requirement of the Constitution, the Court
10 finds Defendant's restoration time does not violate his due process rights.

11    Finally, what is left is Defendant's argument that 29 days of presumptively
12 unreasonable delay occurred with respect to Defendant's first transportation. Delay beyond
13 the 10 days for transportation is not per se unreasonable, but merely presumed to be so. *See*
14 *Taylor*, 821 F.2d at 1384. The presumption can be rebutted. *Id.* In this case, the
15 Government has not rebutted the presumption. Accordingly, when Defendant is returned for
16 trial, if he is found competent, Defendant may again move to dismiss the indictment if
17 Defendant can show that counting 29 additional days against his 70 day speedy trial deadline
18 (excluding all time discussed above), would result in a Speedy Trial Act violation.

19    Based on the foregoing,
20    **IT IS ORDERED** that the motion to dismiss the indictment (Doc. 40) is denied.
21    **IT IS FURTHER ORDERED** that, consistent with this Court's order of July 8, 2011
22 (Doc. 39), this Order shall not be sealed.
23    DATED this 20th day of October, 2011.

James A. Teilborg
United States District Judge

---

[4] *Strong* considered the defendant's argument as a due process violation, not based on government misconduct, nor based on the Speedy Trial Act.

- 4 -